**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HELLEN YULISSA GARCIA ALFARO, | Case No.  5:26-cv-01984-RAO |
| Petitioner, | |
| v. | **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

On April 20, 2026, Petitioner Hellen Yulissa Garcia Alfaro, represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Todd Blanche, U.S. Attorney General; Ernesto Santacruz, Jr., Acting Director, Los Angeles ICE Field Office; and Fereti Semaia, Warden of Adelanto ICE Processing Center; DHS; and U.S. Department of Justice (collectively, "Respondents").  Dkt. No. 1 ("Pet.").  The same date, Petitioner filed an application for temporary restraining order, which the Court denied.  Dkt. Nos. 4, 8.

The Petition states that Petitioner is a non-citizen currently detained in Adelanto Detention Center in Adelanto, California.  Pet. at 2.  Petitioner is charged

with entering the United States without inspection pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), and has been determined not eligible for bond under the recent decision in the *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id*. The Petition argues that this legal theory of non-eligibility for a bond hearing has been universally rejected by several district courts including in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), certified a nationwide class of noncitizens who were not provided custody redetermination hearings under 8 U.S.C. §1226(a).[1] *Id*. at 5.

Petitioner alleges that her continued detention violates 8 U.S.C. § 1226(a) (Count One) and her constitutional rights to due process (Count Two). *Id*. at 7. The Petition seeks relief in the form of, *inter alia*, Petitioner's immediate release or, alternatively, an order directing Respondents to provide Petitioner with a bond hearing within seven days. *Id*.

Respondents filed their response on April 28, 2026 ("Answer"). Dkt. No. 11. The Answer states that Petitioner appears to be an eligible member of the Bond Eligible Class certified in *Maldonado Bautista*, and accordingly, entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id*. at 2. Respondents request that if a bond hearing is ordered, the timing of the hearing be consistent with what courts in this district have generally ordered, which is to require a Section 1226(a) bond hearing be held within seven days. *Id*.

In light of Respondents' acknowledgement that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), IT IS ORDERED that:

(1) The Petition is GRANTED as to Count One claiming a violation of 8 U.S.C. § 1226(a) and DENIED as moot as to the remaining count;

---

[1] On March 6, 2026, the Ninth Circuit issued an administrative stay of *Maldonado Bautista*'s declaratory judgment; however, the Ninth Circuit's stay left the judgment in effect as to the Central District of California. Pet. ¶ 43; *see also Maldonado Bautista, et al. v. United States Dep't of Homeland Sec., et al.*, No. 26-1044, slip op. at 1 (9th Cir. Mar. 6, 2026).

2

(2) Respondents are enjoined from continuing to detain Petitioner unless she is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order;

(3) Respondents are directed to file a status report within 10 days of this Order substantiating compliance with the Court's Order; and

(4) Within 30 days of entry of final judgment in this action, the Court will consider an application from Petitioner for reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED:

/s/
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

3